IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

VENITA K. BRITT                                                                                         PLAINTIFF

V.                            Case No. 3:23-CV-00229-BSM-BBM

MARTIN O'MALLEY, Commissioner,
Social Security Administration[1]                                                            DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**I.      INTRODUCTION**

On July 29, 2021, Plaintiff Venita K. Britt ("Britt") filed a Title II application with the Social Security Administration ("SSA") for a period of disability and disability insurance benefits. (Tr. at 11). In the application, Britt alleged disability beginning on September 30, 2017, which is also the date Britt was last insured for Title II benefits. *Id.* at 11–12. Accordingly, the relevant time-period for determination of eligibility for benefits is

---

[1] On December 20, 2023, Martin J. O'Malley was sworn in as Commissioner of the Social Security Administration ("the Commissioner"). Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner O'Malley is automatically substituted as the Defendant.

one single day: September 30, 2017. *Id* at 12. ("After careful consideration of all the evidence, the undersigned concludes the claimant was not under a disability within the meaning of the Social Security Act from September 30, 2017, through the date last insured.").

Britt's application was denied initially and on reconsideration. *Id*. at 11. An Administrative Law Judge ("ALJ") conducted a telephone hearing on December 12, 2022, at which Britt appeared unrepresented by counsel. *Id.* By written decision dated March 14, 2023, the ALJ denied Britt's application. (Tr. at 11–19). The Appeals Council denied Britt's request for review on September 14, 2023. (Tr. at 1–3). The ALJ's decision now stands as the final decision of the Commissioner, and Britt has requested judicial review.

For the reasons stated below, the Court recommends that the Commissioner's decision be affirmed.

## II.   THE COMMISSIONER'S DECISION

The ALJ found that Britt was not engaged in substantial gainful activity on September 30, 2017.[2] (Tr. at 14). Next, the ALJ determined that Britt had the following impairments: hypertension and generalized anxiety disorder. *Id*. After a review of the record, to include additional medical records the ALJ obtained after the hearing that were

---

[2] An ALJ must follow the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4). If no impairments meet the severity requirement at Step Two, the analysis ends there, and the claimant is not disabled.

not provided by Britt, the ALJ found that Britt's impairments were not "severe."[3] *Id.* at 11–12, 19. Consequently, the ALJ's analysis ended at Step Two with his determination that Britt was not under a disability on September 30, 2017. *Id.*

## III. DISCUSSION

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is "supported by substantial evidence on the record as a whole and whether it is based on legal error." *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> [O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001) (internal quotations and citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of

---

[3] Step Two involves a determination of whether the claimant has an impairment or combination of impairments that is "severe" and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii). If not, benefits are denied. *Id.* A "severe" impairment significantly limits a claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1522(a)–(b), 416.922. The claimant has the burden of proving that an impairment is severe. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006).

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

### B. Britt's Arguments on Appeal

Britt contends that the evidence supporting the ALJ's decision is less than substantial. She argues specifically that: (1) hypertension and generalized anxiety disorder were severe impairments, (Doc. 10 at 2–4); (2) the ALJ erred in "[f]ailing to [m]ake a proper credibility finding," *id.* at 4–8; (3) the ALJ deprived Britt of her right to an attorney and failed to fully develop the record, *id.* at 8–9; (4) the ALJ erred in failing to evaluate the combined effect of all impairments, *id.* at 9–10; and (5) ALJ's decision was not supported by substantial evidence, *id.* at 10–12.[4] The Court will address each argument below, in turn.[5]

#### 1. Step Two

Britt alleges that the ALJ should have found her medically determinable impairments, hypertension and generalized anxiety disorder, to be severe at Step Two.

---

[4] In arguing that the ALJ's decision was not supported by substantial evidence, Britt claims that: "1) The ALJ's RFC determination was unsupported by substantial evidence that Mr. Crawford is able to sustain substantial gainful employment in a competitive work environment, and 2) There is positive evidence that Mr. Crawford is unable to work in a competitive work environment." (Doc. 10 at 11). As the Commissioner pointed out, the ALJ did not make an RFC determination in this case, and this argument appears to have been copied from a different and unrelated filling. (Doc. 12 at 12–13).

[5] As an initial matter, the Court notes that Britt's arguments on appeal are conclusory and undeveloped with virtually no citation to the record and with incorrect citations to agency regulations.

4

Even though Britt's period of disability was only one day (September 30, 2017), the ALJ considered Britt's medical records from 2014–2022. (Tr. at 11–19). The record established that Britt received care for her two impairments from her primary care physician ("PCP"), generally. (Tr. at 15–16, 308–319, 323–346). She reported that blood pressure medication worked well, although she was not always compliant in taking it.[6] *Id.* at 317, 330. In August 2015, a cardiovascular exam was normal, and the PCP refilled Britt's prescription for Xanax and advised her to return in six months. (Tr. at 309–310). She did not return to her PCP until over a year later. (Tr. at 305–306). At that time, the PCP described her conditions as stable and noted that Britt had been out of her prescription Xanax for a while, but she was only taking it as needed. (Tr. at 305–306). Cardiovascular, neurologic, and psychiatric exams were normal. *Id*. at 306. At the only two PCP appointments Britt had over the next two years, her anxiety and hypertension were noted to be stable. (Tr. at 300–304).

Two state-agency non-examining medical experts found that anxiety and hypertension were severe impairments, but, in the same opinions, they noted that there was insufficient evidence to determine the severity of Britt's impairments "in the period up to and around the dli [date last insured]." (Tr. at 96). The ALJ found this contradictory and classified the opinions as unpersuasive because, "despite mentioning the claimant's treatment history, the opinions are inconsistent with the evidence during the period at issue showing normal respiratory, cardiovascular, and neurological findings. . . .The opinions

---

[6] "Impairments that are controllable or amenable to treatment do not support a finding of total disability." *Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999).

are also inconsistent with the evidence showing alertness, full orientation, and normal speech, mood, affect, judgement, and insight."[7] (Tr. 18).

In 2022, Britt's social worker submitted a Mental Residual Functional Capacity Assessment, stating that, due to anxiety and memory impairment, Britt was unable to perform some necessary mental work functions. (Tr. at 362–365). The form was dated June 28, 2022, and the social worker indicated it applied to that date forward, although she stated that she first saw Britt on August 4, 2021. *Id*.; *see* (Tr. 294). The ALJ found this opinion unpersuasive, noting that the social worker's treatment of Britt began over four years after the relevant time-period, that it was not of probative value to the day at issue, and that the opinion was inconsistent with "the evidence during the period at issue showing the claimant evidenced mostly intact psychological objective findings such as alertness, full orientation, and normal speech, mood, affect, judgment, and insight." (Tr. at 19). Indeed, while Britt did seek regular treatment from a psychiatric provider from 2021 through 2023, she had generally normal mental status exams from 2015–2018,[8] and her anxiety was noted to be "mild." (Tr. at 294, 301–318). She treated her mental health conservatively with medications, just as she treated her hypertension conservatively. And she was not always

---

[7] ALJs are required to analyze whether opinion evidence is persuasive based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. *See* 20 C.F.R. § 416.920c(c). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. § 416.920c(c)(2); *Grindley v. Kijakazi*, 9 F.4th 622, 631 (8th Cir. 2021). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Boyd v. Colvin*, 831 F.3d 1015, 1021 (8th Cir. 2016).

[8] There are no mental health exams from September of 2017 in the record.

compliant with taking her medications.[9]

For all these reasons, the ALJ found that Britt's anxiety and hypertension were not severe in nature.[10] This finding was well-supported, and the Court finds no error.

### 2. Subjective Complaints

Britt also asserts that the ALJ failed to consider properly her subjective complaints.[11] Britt testified that she was disabled due to her conditions. (Tr. at 72). The ALJ, however, found the alleged "intensity, persistence[,] and limiting effects" of Britt's impairments to be inconsistent with the record evidence. (Tr. at 15). For instance, in considering Britt's mental functioning, the ALJ relied on Britt's own statements in her October 2021 function report that she could perform daily activities, like drive a car, play shuffleboard, prepare frozen dinners, cook simple meals, and do some chores.[12] (Tr. at 17, 247–250).

The ALJ also considered the conservative nature of Britt's treatment, (Tr. at 18);

---

[9] "A failure to follow a recommended course of treatment weighs against a claimant's credibility." *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) (citing *Gowell v. Apfel*, 242 F.3d 793, 797 (8th Cir. 2001)).

[10] Finding that there are no severe impairments at Step Two is justified only for "those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987).

[11] "When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions." *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "[A]n ALJ need not explicitly discuss each factor," and they may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id*. (internal citations omitted).

[12] Such daily activities undermine her claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 966–967 (8th Cir. 2003).

7

generally stable conditions, *id.*; positive response to medication, *id.* at 16; and the lack of probative evidence for the time period at issue, *id.* at 19. He noted infrequent treatment and that Britt did not seek specialized psychiatric treatment nor did she have any impatient psychological hospitalizations during the relevant period. *Id.* at 18. He also discussed Britt's medications. *Id.* at 15–17. Therefore, the ALJ properly considered and discussed Britt's complaints that she was disabled, and he found them to be inconsistent with the balance of the evidence.

### 3. Right to Counsel and Development of the Record

Contrary to Britt's argument that the ALJ deprived her of her right to counsel, the ALJ advised Britt of her right to counsel before the hearing began, and she waived her right to counsel on the record. (Tr. at 67–68). In fact, the ALJ informed Britt that she could postpone the hearing to request representation from Legal Aid or Legal Services. *Id.* at 68. Britt declined. *Id.* After the hearing, the ALJ obtained additional medical records from Britt's PCP, who was treating her during the relevant time period, and offered Britt a chance to review them and respond and/or offered her the option to have a supplemental hearing; the ALJ never received a response. (Tr. at 11–12, 291–292).

Additionally, neither Britt nor her attorney identified any missing evidence. *See* (Doc. 10 at 8–9). The Court notes that it is the claimant's responsibility to proffer evidence and present her strongest case. *See Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991) ("[Plaintiff] bore the burden of proving his disabilities, 20 C.F.R. §§ 404.1512(a), 416.912(a), and he thus had the responsibility for presenting the strongest case possible."). The ALJ did not deprive Britt of any legal right to counsel.

### 4. Combined Effect of Britt's Impairments

Britt alleges that the ALJ failed to consider the combined effect of her impairments at Step Two. (Doc. 10 at 9–10). The record belies this assertion. The ALJ explicitly found that "the claimant did not have an impairment or *combination of impairments* that significantly limited the ability to perform basic work-related activities for 12 consecutive months." (Tr. at 14) (emphasis added). Moreover, the ALJ acknowledged that Britt was alleging a combination of severe impairments. *Id.* at 15. Then, the ALJ articulated how the objective medical evidence supports a finding that Britt does not have a combination of impairments that significantly limit her ability to perform basic work activities. *Id.* at 18. As such, the ALJ adequately considered the combined effects of Britt's impairments. *Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011) (holding ALJ properly considered combined effects of claimant's impairments by expressly finding that she did not have "impairment or combination of impairments" that satisfied listings and discussing medical evidence regarding each of her impairments).

## IV. CONCLUSION

The Commissioner's decision that Britt was not under a disability on September 30, 2017, is supported by substantial evidence on the record as a whole, and it is not based on legal error. The ALJ did not err at Step Two, the record was fully developed, and the administrative process was not defective.

IT IS THEREFORE RECOMMENDED:

1. That the Commissioner's decision be AFFIRMED.

2. That Judgment be entered for the Defendant.

DATED this 3rd day of September, 2024.

*Benecia Moore*
UNITED STATES MAGISTRATE JUDGE